HEARD APRIL TERM, 1874.

## WHALEY *vs.* BANK OF CHARLESTON.

Petition for leave to file a bill of review, or bill in the nature of a bill of review, refused.

After *remittitur* the Supreme Court has no jurisdiction, and cannot re-hear the case.

This was a petition by the Bank of Charleston to this Court for leave to file a bill of review, or bill in the nature of a bill of review, in the case of Whaley against the Bank of Charleston, reported *ante* p. 189, to the end that the cause may be re-heard.

The grounds chiefly relied upon were that the Court, in its decision, treated the cause as an action at law, holding the judgment of the Circuit Court upon the facts to be final, whereas the case was treated in the Court below as a proceeding in equity; that a trial by jury had not been waived; that, having been treated as a case in equity, the decree upon the facts could be reviewed on appeal; and that there was error in the finding upon the facts.

*Porter & Conner*, for petitioner.

*Campbell*, contra.

The opinion of the Court was delivered by

MOSES, C. J. A consideration of the petition filed in this case for a re-hearing leads us to no conclusion favorable to its prayer. Even assuming our right to control the judgments of the Court, so as to subject them to our review and reversal, we see nothing in the matter before us to require our interference.

We take occasion here to refer to what was said *In Re. Knox & Gill* vs. *So. Ca. R. R. Co.*, *ante*, p. 22.

If we have power to suspend a judgment duly filed, on the application of the party against whom it was rendered, to discover by another hearing that it is without error, we do not see how we

could exercise it here, when the case, by the formal process of *remittitur*, is beyond our jurisdiction.—*Pringle* vs. *Sizer*, 3 S. C., 337.

The motion is dismissed.

*Wright*, A. J., concurred.